UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-00501-REB

TAMMY L. TRUJILLO,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3] filed March 11, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of lumbar spondylolisthesis[1] and depression. After her application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on September 17, 2007. At the time of the hearing, plaintiff was 43 years old. She has

---

[1] "Spondylolisthesis is a condition in which a bone (vertebra) in the lower part of the spine slips forward and onto a bone below it." U.S. National Library of Medicine and the National Institutes of Health, **Medline Plus**, *available at* http://www.nlm.nih.gov/medlineplus/ency/article/001260.htm (accessed February 10, 2009).

a tenth grade education and past relevant work experience as a waitress. She has not engaged in substantial gainful activity since at least the date of her application, April 14, 2005.[2]

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff's lumbar spondylolisthesis was a severe impairment, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. She further concluded that plaintiff's alleged depression was not severe. The ALJ found that plaintiff had the residual functional capacity to perform work requiring lifting and carrying no more than five pounds frequently and ten pounds occasionally, sitting up to two hours at a time, up to six hours total in an eight-hour day, and standing or walking continuously for 15 minutes at a time, up to four hours total in an eight-hour day. Although these findings precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national economy that she could perform. She therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude his from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

---

[2] In fact, it appears that plaintiff has not worked since some time in the mid-1990s. (*See* Tr. 15.)

impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff alleges error in the ALJ's assessment of her residual functional capacity. The ALJ concluded that plaintiff

> has the residual functional capacity to perform work with the

> following limitations: lift and carry 5 pounds frequently, 10
> pounds occasionally; sit up to 2 hours at a time, up to 6
> hours in an 8-hour day; stand/walk 15 minutes continuously,
> up to 4 hours total in an 8-hour day.

(Tr. 16.) In making this assessment, the ALJ expressly afforded significant weight to the functional limitations of Dr. Bryce Gilman, a consultative examiner. Dr. Gilman's opinion was that plaintiff "would be limited in sitting to one to two hours at a time in four to six hours out of an eight-hour day" and that "[h]er ability to stand and move about would be limited to 15 to 30 minutes at a time in two to four hours out of an eight-hour day." He further found that plaintiff's "ability to bend and lift would be completely limited secondary to her need for a walker." (Tr. 107.)

Plaintiff maintains that the ALJ erred in not recognizing that Dr. Gilman's restrictions on sitting, standing, and walking were phrased in terms of a range of possible maximum durations. For the most part, this is an issue of semantics, rather than substance. The ALJ's rephrasing Dr. Gilman's restrictions of "x to y hours" into "up to y hours" appears intended to encompass the ranges noted in his medical opinion. To the extent it does not, the ALJ gave clear reasons, specifically tied to the evidence of record and expressly set forth in her opinion, as to why the more limited ranges of Dr. Gilman's opinion were not supported by the evidence. (Tr. 17-18.) For instance, the ALJ noted that although plaintiff used a walker during her examination with Dr. Gilman, and reliance on a walker was key to much of his opinion, plaintiff has never been prescribed any such assistive device to help her walk and stand. Moreover, the ALJ found plaintiff's complaints of debilitating pain were undercut by her admission to a significantly greater range of activities of daily living than suggested by her complaints and the minimal, conservative treatment she received for her back pain. ***See Huston v.***

5

***Bowen***, 838 F.2d 1125, 1132 (10th Cir. 1988) (lack or infrequency of treatment is an appropriate consideration in evaluating whether plaintiff's claim of disabling limitations is credible); ***Ouellette v. Apfel***, 2000 WL 1262642 at *13 (N.D. Cal. Aug. 24, 2000) (plaintiff's activities of daily living bear on credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations").

For these same reasons, the ALJ's refusal to adopt Dr. Gilman's absolute lifting restriction provides no basis for reversal. That restriction was based entirely on the assumption that plaintiff required a walker. (***See*** Tr. 107.) As noted above, the ALJ's decision to discredit that assumption was properly supported by the record. Moreover, and contrary to plaintiff's argument, the ALJ did not pluck the lifting restriction she did impose from thin air. She noted specifically that plaintiff's treating doctor, Sumnat Rawat, had imposed a lifting restriction of no more than ten pounds. (Tr. 17, 117.)[3] I therefore find no reversible error in the ALJ's determination of plaintiff's residual functional capacity. ***See Bernal v. Bowen***, 851 F.2d 297, 303 (10th Cir. 1988) (mere fact of error does not warrant remand if the ALJ's determination is otherwise supported by substantial evidence); ***Alejandro v. Barnhart***, 291 F.Supp.2d 497, 516-17 (S.D. Tex. 2003) (citing cases).

As for plaintiff's alleged mental impairment, I find no error in the ALJ's conclusion that such mental impairment was not severe. The opinion of Dr. Carlos Rodriguez that plaintiff suffered from "major depression" that could be expected to last more than 12 months was completely conclusory and unsupported by any evidence. (Tr. 163.) Although plaintiff faults the ALJ for not specifically stating what weight she gave this

---

[3] Although Dr. Sumnat's opinion was from 2000, there is no evidence that plaintiff's condition deteriorated significantly between that date and the date of the hearing.

6

opinion, it is clear she gave it none, as was her prerogative given its lack of substantiation. (Tr. 15.) *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (treating source opinion that brief, conclusory, or unsupported by medical evidence may properly be rejected). Moreover, the ALJ gave good reasons for affording no significance to the opinion of Dr. Gilman that plaintiff "appear[ed] depressed" (Tr. 104),[4] noting that plaintiff's treating sources had never noted any depressive affect or symptoms. (Tr. 15.) Under these circumstances, I cannot say the ALJ erred in concluding that plaintiff's alleged mental impairment was simply "a slight abnormality . . . which would have no more than a minimal effect on [plaintiff's] ability to work . . . ." **Social Security Ruling** 85-28, 1985 WL 56856 at *3 (SSA Nov. 20, 1984).

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated February 12, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[4] Moreover, Dr. Gilman was engaged to provide an opinion regarding plaintiff's physical limitations. There is nothing in the record to suggest that he is qualified to determine whether plaintiff suffered from a mental impairment, or at least any more qualified than the treating sources who noted no such affect.

7